MCGRANAHAN ET AL., APPELLANTS, v. BARBER ET AL.,
APPELLEES.

APPELLATE PRACTICE.
A decree which is supported by evidence will not be disturbed on the
ground of insufficiency of the evidence.

*Appeal from the District Court of Gunnison County.*

Messrs. GULLETT & BROWN and Messrs. HELM & GOUDY,
for appellants.

Mr. DEXTER T. SAPP, for appellees.

BISSELL, P. J., delivered the opinion of the court.

This was a suit in equity brought to set aside sundry con-
veyances alleged to be fraudulent as against creditors. The
decree was for the defendants. The case as charged sub-
stantially is that in November, 1886, one of the defendants,
John P. Bassler, was the owner of certain property in and
near White Pine, Colorado, consisting of some business
property and certain mining claims located in the district con-
tiguous to the town. About that time, Bassler executed sun-
dry conveyances to the Barbers, who were codefendants with
him. The plaintiffs' contention concerning those transfers
was that they were executed to Bassler's relatives without
valuable consideration, and with the intent to delay the col-
lection of debts which Bassler owed. It further appeared
at the trial that in the following spring divers parties recov-
ered judgments against Bassler, and that the title to those
judgments ultimately vested in McGranahan and Butler, the
appellants, who were plaintiffs in this suit. McGranahan and
Butler appear to have had dealings with Bassler, and to have
become the purchasers of a stock of merchandise, which
Bassler owned at the time of the sale, and which the judgment

creditors above referred to sought to subject to the payment of their claims. These creditors were successful, and ultimately recovered judgment against the purchasers, McGranahan and Butler, who were compelled to liquidate these obligations in order to maintain their title to the merchandise which they bought of Bassler. Through this liquidation of those claims came their title to the judgments referred to. The suit was to enforce an equitable lien on the property conveyed to the Barbers. The defense attacked the validity of McGranahan and Butler's title to the judgments, contending that the real person interested was Bassler, who of course would be debarred an attack on his own transfers. Their main contention, however, was that they had acquired title to the property which they held in good faith, and for a valuable consideration which they paid.

A good deal of testimony was offered on both sides, and the finding of the court on the questions in dispute was evidently rendered on very conflicting testimony. The principal question presented to the court is as to the sufficiency of the evidence to support the court's decree. · There is nothing else suggested by counsel which would be of sufficient importance to justify the reversal of the case. With this contention that the evidence does not support the finding we have no concern. There was evidence in the case which justified the court in reaching its conclusion, and under these circumstances the well settled rule that appellate courts will not disturb the judgment on the claim that the evidence does not support the decree compels us to affirm the judgment. This rule is too firmly established to need support by the citation of authorities. It has been very rarely deviated from in the history of this state, and there is nothing in the present case to justify a departure from this practice.

There being no errors in the record, the judgment will be affirmed.

*Affirmed.*